FILED
DEC 10 2014

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID H. JOHNSTON,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT DOOLEY, WARDEN; AND DENNIS KAEMINGK, SD SECRETARY OF CORRECTIONS;<br><br>    Defendants. | 4:14-CV-04125-LLP<br><br>ORDER FOR SERVICE AND DENYING MOTIONS FOR ATTORNEY'S FEES (DOCKET # 10 AND 17) |

**INTRODUCTION**

Plaintiff, David H. Johnston ("Johnston") is an inmate at the Mike Durfee State Prison ("MDSP") in Springfield, South Dakota. He has filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983, alleging the defendants have violated his civil rights.

On August 11, 2014, plaintiff, filed his Complaint in this matter along with a motion for leave to proceed *in forma pauperis.* Dockets 1, 3 & 4. On August 13, 2014, the court granted Johnston leave to proceed *in forma pauperis* and assessed an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Docket 8. The court ordered Johnston to pay an initial partial filing fee of $21.96 by September 30, 2014. Though no payments were made before September 30, Johnston has paid $22.50 toward the filing fee. Thereafter, the court ordered Johnston to re-file his Complaint on the standard

form.  See Docket 13.  Johnston has now complied and filed his Complaint on the standard form.  Docket 14.

## DISCUSSION

### A.   Screening Pursuant to 28 U.S.C. § 1915A

28 U.S.C. § 1915A requires the court to "screen" prisoner complaints.  It states as follows:

> **§ 1915A.  Screening**
> **(a) Screening.**—The court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.
> **(c) Definition.**—As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

### B.   Johnston's Complaint survives screening

Liberally construed, Johnston's Complaint alleges the defendants have deprived him of his First Amendment right of access to the courts.  Johnston asserts he has been injured by the defendants' denial of his access to the courts because the alleged inadequacy of the legal resources at the MDSP caused his inability to file an adequate and/or timely state habeas action.  Johnston claims his prison sentence has been or will be extended  because he

2

was unable to file an adequate and/or timely state habeas action. As such, his First Amendment claim is sufficient to survive screening pursuant to 28 U.S.C. § 1915 and 1915A.

### C. Johnston's Motions for Fees and Costs (Docket # 10 and 17) are Premature

Johnston has filed two motions requesting an award of attorney's fees and costs. Docket 10 and 17. In both motions, Johnston requests and Order awarding him "court costs, filing fees $350.00 and preparation costs in the amount of $3,600.00." Johnston provided the court with a prepared Order directing deposit of the funds in a Wells Fargo banking account, complete with account and routing numbers.

A party may be awarded attorney's fees in a § 1983 civil rights suit if he is a "prevailing party" who "obtains at least some relief on the merits of his claim." *Casey v. City of Cabool, Missouri.* 12 F.3d 799, 804 (8th Cir. 1994). See 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of section . . . 1983 . . . .the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."). Likewise, costs may be awarded to the prevailing party in a civil suit under Fed. R. Civ. P. 54(d). Unless and until Johnston becomes the prevailing party, however, his motions for attorney's fees and costs are premature.

## CONCLUSION and ORDER

The Complaint has been screened as required by the Prison Litigation Reform Act ("PRLA"), 28 U.S.C. § 1915.  The Court has determined the Complaint is sufficient to survive screening.  Therefore, it is ORDERED:

1. The United States Marshal shall serve a copy of the Complaint (Doc. 14), Summons, and this Order upon defendants as directed by plaintiff.  All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon defendants, or if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court.  He shall include with the original paper to be filed with the Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Johnston's Motions for Attorney's Fees and Costs (Docket # 10 and 17) are DENIED without prejudice as premature.

DATED this 10th day of December, 2014.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

4